IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **PASQUALE SCIALDONE,** | * |
| Plaintiff, | * |
| v. | *   Civil Case No. PWG-19-350 |
| **MARRIOTT INTERNATIONAL, INC.,** *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

In a Complaint for negligence filed in the Circuit Court of Maryland for Montgomery County against Defendants Marriott International, Inc. ("Marriott") and Braemar Hotels & Resorts, Inc. ("Braemar"), Plaintiff Pasquale Scialdone alleged that he was bitten by bedbugs while staying at the Marriott Courtyard Downtown in Philadelphia, Pennsylvania. Compl., ECF No. 1-2. Defendants removed the case to this Court based on diversity jurisdiction. ECF No. 1. Scialdone then filed a Motion to Remand, and Defendants responded with a Motion to Transfer Venue to the United States District Court for the Eastern District of Pennsylvania. ECF Nos. 4, 12.[1] Because

---

[1] The parties fully briefed Defendants' Motion to Transfer. ECF Nos. 12-1, 14, 14-1, 15, 16. A hearing is not necessary. *See* Loc. R. 105.6. Defendants did not respond to Scialdone's Motion to Remand, conceding that, if the case is not transferred, it must be remanded. *See* Defs.' Mem. 8; Paperless Order, ECF No. 13.

 Scialdone also sought leave to file a surreply to Defendants' Motion to Transfer, ECF No. 17, which Defendants opposed, ECF No. 18. A surreply, though "highly disfavored in this District," *Medish v. Johns Hopkins Health Sys. Corp.,* 272 F. Supp. 3d 719, 722 (D. Md. 2017) (citation omitted), is permitted when the opposing party raises an issue in its reply for the first time, such that the moving party would be unable to contest the matter without filing a surreply, *see Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). While Defendants assert for the first time in their Reply that Scialdone named the wrong Defendants, this issue is not relevant to the

both named Defendants are citizens of Maryland and Scialdone filed suit in Maryland state court, this case was not properly removed to this Court. *See* 28 U.S.C. § 1441(b)(2). Nor could it have been removed directly to the U.S. District Court for the Eastern District of Pennsylvania from Maryland state court. *See* 28 U.S.C. § 1441(a). Accordingly, Defendants' Motion to Transfer Venue which seeks to achieve what Defendants could not have achieved directly from state court, is DENIED, and Scialdone's Motion to Remand is GRANTED.

## Removal, Jurisdiction, and Remand

When a plaintiff files a civil action in a state court, a defendant has a limited right to remove the case to a district court of the United States. First, the civil action must be one in which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Relevantly here, federal district courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between – (1) citizens of different States; (2) citizens of a state and citizens of a foreign state . . . ." 28 U.S.C. § 1332(a). "The basic purpose of diversity jurisdiction is to enable 'access to an unbiased court to protect [a defendant] from parochialism.'" *Medish v. Johns Hopkins Health Sys. Corp.*, 272 F. Supp. 3d 719, 724 (D. Md. 2017) (quoting *Ziady v. Curley*, 396 F.2d 873, 875 (4th Cir. 1968)). Second, the action only may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In this instance, that division is the Southern Division of the District of Maryland.

Notably, a defendant's right to remove a civil action to federal court from state court is not absolute. Pursuant to the "forum defendant rule," a civil action that otherwise would be removable

---

motions pending before the Court. Defendants have not raised any other issue for the first time in their Reply; therefore, the Motion to File a Surreply, ECF No. 17, is denied.

solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This rule exists because, when a defendant is a citizen of the forum state, that defendant does not risk exposure to the local bias that federal diversity jurisdiction seeks to avoid; rather, the defendant is a local itself within the plaintiff's choice of forum. *Reimold v. Gokaslan*, 110 F. Supp. 3d 641, 642 (D. Md. 2015) (stating that § 1441(b)(2) "recognizes that there is no need to protect out-of-state defendants from local prejudice 'where the defendant is a citizen of the state in which the case is brought'") (quoting *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 940 (9th Cir. 2006)).

If a forum defendant improperly removes a case over which the federal court has diversity jurisdiction, the removal is procedurally improper but the Court nonetheless has subject matter jurisdiction. *Medish*, 272 F. Supp. 3d at 724; *see also* 14B Charles Alan Wright, *et al.*, *Fed. Prac. & Proc.* § 3721 (4th ed. 2009) (noting that the phrase "removal jurisdiction" is misleading because "removal is not a kind of jurisdiction . . . rather, it is a means of bringing cases within the federal courts' original jurisdiction into those courts"). Thus, "the forum defendant rule is waivable, which leaves the choice of forum in the out-of-state plaintiff's hands"; the plaintiff may accept the forum or file a motion to remand within thirty days, in accordance with 28 U.S.C. § 1447(c). *Medish*, 272 F. Supp. 3d at 724.

Even if the federal court has subject matter jurisdiction, statutory requirements for removal should be strictly construed because of overarching federalism concerns. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941)).

> Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the

successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation . . . The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress . . . 'Due regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined.'

*Shamrock Oil*, 313 U.S. at 108-09 (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)). The unambiguous text of the forum defendant rule manifests Congress's "clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Medish,* 272 F. Supp. 3d at 722 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)).

**Discussion**

This Court has diversity jurisdiction: the complete diversity of the parties and minimum amount in controversy is not disputed. Compl. ¶¶ 1–3; *id.* at 17 (Scialdone is a citizen of Canada; Marriott is a citizen of Delaware and Maryland; Braemar is a citizen of Maryland; Scialdone seeks damages in excess of $75,000); Defs.' Mem. 8 (same); 28 U.S.C. § 1332(a). And, this Court is the federal court to which a case may be removed from the Circuit Court for Montgomery County, Maryland. *See* 28 U.S.C. § 1441(a).

However, as Defendants acknowledge, the forum defendant rule procedurally bars the case from being properly removed to this Court. *See* 28 U.S.C. § 1441(b)(2); Defs.' Mem. 8. Thus, the "choice of forum" is plaintiff's, and Scialdone chose to file a Motion to Remand, to return to state court. *See Medish*, 272 F. Supp. 3d at 724 ("[T]he forum defendant rule serves to prevent an in-state defendant . . . from stymieing a plaintiff's choice of forum."). Even if the Court may transfer the case pursuant to 28 U.S.C. § 1404(a), to do so would allow Defendants effectively to remove the case to a federal court to which they could not have removed it when Scialdone

4

originally filed it in Maryland state court. *See* 28 U.S.C. § 1441(a). Mindful of the procedural gatekeeping requirements of § 1441(b) and the significant federalism concerns, I will not grant Defendants' Motion to Transfer under these circumstances.[2] *See Shamrock Oil*, 313 U.S. at 108-09; *Mulcahey*, 29 F.3d at 151. Accordingly, I will grant Scialdone's Motion to Remand. *See Medish*, 272 F. Supp. 3d at 724.

## CONCLUSION

In sum, Scialdone's Motion to Remand to the Circuit Court of Maryland for Montgomery County, ECF No. 4, is GRANTED and the Defendants' Motion to Transfer Venue, ECF No. 12, is DENIED. Scialdone's Motion to File a Surreply, ECF No. 17, is DENIED. A separate order will follow.

Date: July 19, 2019 /S/
Paul W. Grimm
United States District Judge

---

[2] Notwithstanding the parties' considerable efforts to debate each § 1404(a) factor for the appropriateness of transfer of venue to the Eastern District of Pennsylvania, this case need not reach that step. Remand to the Circuit Court for Montgomery County, Maryland is the appropriate action.